101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James H. GARY, Plaintiff-Appellant,
v.
PENSION FUND OF INTERNATIONAL UNION OF OPERATING ENGINEERS,
# 478, Defendant-Appellee.
 No. 95-7543.
 United States Court of Appeals, Second Circuit.
 April 12, 1996.
 
 1
 APPEARING FOR APPELLANT:James H. Gary, pro se, Upper Marlboro, Md.
 
 
 2
 APPEARING FOR APPELLEE:Norman Zolot, Woodbridge, Conn.
 
 
 3
 D.Conn.
 
 
 4
 AFFIRMED.
 
 
 5
 Before NEWMAN, Chief Judge, and KEARSE, Circuit Judge, and WEXLER,* District Judge.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by appellant pro se and submitted by counsel for appellee.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 8
 James Gary appeals pro se from the May 3, 1995, judgment rejecting, after a bench trial, his claim for pension benefits. Gary, formerly employed by a union local, sought benefits from the local's pension fund in connection with his employment with an international union, from which he is admittedly entitled to benefits. The claim was properly rejected.
 
 
 9
 To the extent Gary relies on promises that might give rise to an estoppel, his claim fails because the alleged promise by the local's business manager, even if made, came from a person without authority to commit benefits from the pension fund. See Chambless v. Masters, Mates & Pilots Pension Plan, 772 F.2d 1032, 1041 (2d Cir.1985), cert. denied, 475 U.S. 1012 (1986). To the extent that Gary relies on an alleged promise by a fund official, his claim fails because that alleged promise, even if made, occurred long after his shift to the international and could not possibly be found to meet the reliance requirement for an estoppel.
 
 
 10
 To the extent that Gary relies on the interpretation of the plan itself, his claim fails because the trustees' conclusion that he was not a covered employee within the meaning of the plan was not arbitrary or capricious.
 
 
 11
 Moreover, Gary has no provable damages, since he receives more benefits from the plan of the international than he would have received from the plan of the local. Nor is he entitled to any return of contributions since he made none. The Plan provides for employer contributions only. The employing union has made no claim for the contributions it made, and we need not determine whether any such claim, if presented, would now be barred by the statute of limitations.
 
 
 12
 We also need not decide whether Gary was entitled to a jury trial since the undisputed facts entitled the appellee to judgment.
 
 
 13
 Gary's motion to revise the judgment of the District Court is denied as moot.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation